UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.S.,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:17-cv-06704-SHK<br><br>OPINION AND ORDER |

Plaintiff V.S.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," the "Agency," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (the "Act"). This Court has jurisdiction, under 42 U.S.C. §§ 405(g) and 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff filed applications for DIB on September 4, 2013, and SSI on September 18, 2013, alleging disability beginning on June 4, 2001. Transcript ("Tr.") 175-89.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on March 10, 2016, ALJ Richard T. Breen determined that Plaintiff was not disabled. Tr. 21-30. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on July 14, 2017. Tr. 1-7. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196)); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the

---

[2] A certified copy of the Administrative Record was filed on February 6, 2018. Electronic Case Filing Number ("ECF No.") 16. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled'

3

at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB or SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[3]
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB or SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant cannot do any work he or she

---

[3] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

4

did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB or SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See id.

Id. at 1098-99.

### B. Summary Of ALJ's Findings

The ALJ determined that "[Plaintiff] meets the insured status requirements of the . . . Act through December 31, 2015." Tr. 23. The ALJ then found at step one, that "[Plaintiff] has not engaged in [SGA] since June 4, 2011, the alleged onset date (20 C.F.R. 404.1571 et seq. and 416.971 et seq.)."[4] Id.

At step two, the ALJ found that "[Plaintiff] has the following severe impairments: left knee anterior cruciate ligament (ACL) tear; and bilateral hand neuropathy and right carpal tunnel syndrome (not demonstrated by EMG) (20

---

[4] The Court observes that the Plaintiff alleges disability beginning on June 4, 2001, but noted at the hearing that this was a mistake and that she became disabled in June 2010. Tr. 45, 176.

5

CFR 404.1520(c) and 416.920(c))." Id. At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.923)." Tr. 26.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), including lifting/carrying and pushing/pulling up to 50 pounds occasionally and 25 pounds frequently, standing/walking a total of 6 hours in an 8-hour workday, and sitting up to 6 out of 8 hours, but with no more than frequent pushing/pulling with the left lower extremity; occasional climbing ladders, ropes, or scaffolds; occasional balancing, kneeling, crouching, and crawling; frequent balancing and stooping; and frequent handling and/or fingering bilaterally.

Id. The ALJ then found, at step four, that "based on [the] [VE's] testimony," "[Plaintiff] is capable of performing past relevant work [("PRW")] as a production control clerk and as a shipping checker. This work does not require the performance of work-related activities precluded by the [Plaintiff's RFC] (20 CFR 404.1565 and 416.965)." Tr. 29, 30.

The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, from June 4, 2011, through the date of th[e] decision (20 CFR 404.1520(f) and 416.920(f))." Tr. 30.

**C.**   **Issue Presented**

In this appeal, Plaintiff raises only one issue: "Whether the ALJ properly rejected [Plaintiff's] pain and symptom testimony." ECF No. 19, Joint Stipulation at 4. The Court, however, does not reach the merits of Plaintiff's argument, because the Court finds that the ALJ erred at step four.

6

**D. <u>Analysis</u>**

The ALJ erred at step four in two ways. First, the hypothetical question that the ALJ posed to the VE did not accurately capture Plaintiff's limitations as set forth in the record, or Plaintiff's RFC. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) ("An ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations" and "[t]he hypothetical should be accurate, detailed, and supported by the medical record[.]") (citations and internal quotation marks omitted).

As discussed above, the ALJ found at step two that Plaintiff's left knee ACL tear was a severe impairment, and the ALJ provided no discussion of any additional impairments—whether severe or non-severe—stemming from Plaintiff's left foot or any other part of Plaintiff's left lower extremity. Tr. 23. The ALJ then determined, in pertinent part, that Plaintiff had the RFC to perform "frequent pushing/pulling with the left lower extremity." Tr. 26. Because Plaintiff's left knee ACL tear was the only impairment in Plaintiff's left lower extremity, it follows that the ALJ's RFC finding limiting Plaintiff's ability to push and pull with her left lower extremity would be to compensate for Plaintiff's torn left knee ACL.

The ALJ, however, asked the VE if a hypothetical individual with the same education and work background as Plaintiff, with "foot controls on the left [that] are reduced to frequent . . . [,]" could do any of Plaintiff's PRW. Tr. 60. The ALJ presented no hypothetical questions to the VE containing any other limitation relating to Plaintiff's lower left extremity. Thus, on the record before the Court, the dispositive hypothetical question posed to the VE included limitations relating to Plaintiff's ability to perform foot controls with her left foot, which is not a limitation that is supported by the record, but included no limitations in Plaintiff's ability to push and pull with the rest of her left lower extremity, including her knee, which has an impairment that is supported by substantial evidence in the record.

Accordingly, because the hypothetical question that the ALJ posed to the VE did not reflect all of Plaintiff's limitations that were supported by the record, the Court finds that the ALJ's conclusion at step four that Plaintiff was not disabled, which relied on the VE's answer to a faulty hypothetical question, was similarly not supported by substantial evidence. Osenbrock, 240 F.3d at 1165.

Even assuming that the hypothetical question to the VE that placed a limitation on Plaintiff's ability to operate foot controls could be construed as a limitation in Plaintiff's ability push and pull with her leg, the ALJ's step four finding fails for a second reason. The ALJ found that Plaintiff has the RFC to, among other things, perform "frequent handling and/or fingering bilaterally." Tr. 26. The ALJ asked the VE if a hypothetical person with this limitation could perform any of Plaintiff's PRW, to which the VE responded that the hypothetical person "could perform the position of the shipping checker[,]" but that "[t]he production control clerk requires constant reach, handle, and finger." Tr. 60. The ALJ nevertheless found that based on the VE's testimony, Plaintiff could perform her PRW as both a production control clerk and a shipping checker because those occupations do not require the performance of duties precluded by Plaintiff's RFC. Tr. 29-30. This finding ignores the VE's testimony that the production control clerk occupation requires more handling and fingering than someone with Plaintiff's RFC could perform.

Accordingly, because the ALJ concluded that Plaintiff could perform both of her previous occupations, when the VE opined that the production control clerk occupation requires more handling and fingering than Plaintiff's RFC allows, the Court finds that the ALJ's conclusion that Plaintiff could perform her PRW as a production control clerk at step four was not supported by substantial evidence in the record.

///

///

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted). On remand, the ALJ shall consider and discuss Plaintiff's ability to perform any work that she has done in the past, in light of Plaintiff's RFC.

IT IS SO ORDERED.

DATED: 10/10/2018

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge